J-S78006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARREN LEROY BAER, | : | |
| | : | |
| Appellant | : | No. 68 EDA 2017 |

Appeal from the Judgment of Sentence August 15, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004977-2015

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 11, 2019**

Darren Leroy Baer appeals his judgment of sentence, entered in the Court of Common Pleas of Montgomery County, after a jury convicted him of rape by forcible compulsion,[1] involuntary deviate sexual intercourse by forcible compulsion,[2] and sexual assault.[3] Baer argues the verdict was against the weight of the evidence and the trial court abused its discretion by not ordering a new trial. Upon careful review, we affirm.

The trial court set forth the facts of the case as follows:

> M.R.[, the complainant,] testified that she met [Baer] in the summer of 2012 when she was sixteen (16) years old at the movie theater where they both worked. They started dating in August

_____

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] 18 Pa.C.S.A. § 3123(a)(1).

[3] 18 Pa.C.S.A. § 3124.1.

_____

\* Former Justice specially assigned to the Superior Court.

of [2012] and M.R. explained that [Baer] was very nice to her for the first three months of their relationship.

M.R. testified about the emotional and psychological abuse [Baer] subjected her to starting approximately three (3) months into their relationship. She also testified in detail about the three (3) incidents in the summer of 2013, October of 2014, and early in 2015 that led her to go to the police and accuse [Baer] of rape. A couple of days after the second incident, M.R. testified that she went to a doctor for bruising resulting from a fall after being pushed by [Baer] and told the doctor that [Baer] had raped her before.

While explaining why she stayed with [Baer] after he became abusive, M.R. told the jury that [Baer] was her first boyfriend, her first kiss and the first person she had been with sexually. She testified about how [Baer] had isolated her from her friends, how she was estranged from her father and that she was not getting along with her mother. When asked why she waited to report the abuse, M.R. explained 'I felt embarrassed. I felt alone. I didn't have any evidence because I waited too long. . . . I don't want to be here. The only reason I'm here is because he really pushed me to that point. I just wanted to let things go and move on with my life.' M.R. also testified about what made these three (3) incidents different from the other times they had sex by explaining 'I never wanted to be treated that way. I told him specifically that I didn't want to have sex, and I was crying. And at no point in any other time that we had sex did I cry."

During M.R.'s testimony, the Commonwealth offered Facebook messages into evidence that M.R. and [Baer] had exchanged during their relationship. Many of the messages [Baer] sent to M.R. were inculpatory. M.R. testified that [Baer] continued to text her every single day after breaking up with her in February of 2015 and that she blocked him on several different accounts and he still found her.

On cross examination, Attorney Cooper questioned M.R. in intimate detail about her relationship with [Baer]. Counsel's questions during cross examination proposed that M.R. was a very willing participant in rough sex and role playing and that she cried rape only after, and because, [Baer] had broken up with her.

Ms. Ulrich, M.R's [a]unt, testified about a conversation she had with M.R. that caused her concern about M.R.'s relationship with [Baer] in the fall of 2013. Then[,] within a year from that

conversation, Ms. Ulrich was unexpectedly visited during the day by M.R. at her home. Ms. Ulrich testified that M.R. came to her door unannounced and visibly very upset and told her aunt that [Baer] had raped her.

Finally, the Commonwealth presented the testimony of Detective [Heather] Long, the detective assigned to investigate M.R.'s complaint. Detective Long testified in detail regarding the statement she took from [Baer]. Therein, [Baer] admitted to having sex with M.R. when M.R. had told him that she did not want to have sex. Detective Long also testified regarding M.R.'s medical records obtained during the investigation and [Baer's] letter to M.R. after his arrest asking her to recant her statement.

At the close of [Baer's] case, the court instructed the jury, *inter alia*, on judging the credibility of witnesses, including the failure of M.R. to promptly complain. The jury returned from their deliberations with a guilty verdict on all counts.

Trial Court Opinion, 1/24/17, at 7-10 (citations to record omitted).

After a three-day trial, Baer was convicted on two counts of rape by forcible compulsion; one count of involuntary deviate sexual intercourse by forcible compulsion; and three counts of sexual assault. On August 15, 2016, Baer was sentenced to an aggregate term of 5 to 10 years' incarceration, followed by a 5-year probationary tail. Post-sentence motions were granted in part and denied in part[4] and Baer filed a timely notice of appeal to this Court, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Bear raises the following issue for our review:

---

[4] The trial court granted Baer's request to modify the conditions of his parole and probation. Originally, the court had imposed restrictions on Baer's use of computers, viewing adult pornography and socializing with women or children. Those conditions were stricken and vacated. **See** Trial Court Order, 12/16/16.

Whether the trial judge's denial of [Baer's] motion for a new trial was an abuse of discretion where the jury's verdict on all counts, two (2) counts of rape by forcible compulsion, one (1) count of involuntary deviate sexual intercourse by forcible compulsion, and three (3) counts of sexual assault, which stemmed from three separate alleged sexual encounters, were against the weight of the evidence where [M.R.] and [Baer], both teenagers, were involved in a years-long highly emotionally- and sexually-charged relationship characterized by daily sexual activity, role play, [M.R.'s] encouragement of [Baer] to have rough sex with her, mutual emotional and physical abuse, and where testimony of the [M.R.] was self-contradictory, uncorroborated, unreliable, imprecise ([M.R.] had difficulty naming even the months when each of the alleged incidents occurred), infused with regret, and motivated by a desire for revenge, and where [M.R.] did not report the three alleged incidents until after [Baer] ended the relationship?

Brief of Appellant, at 7.

Baer claims that the verdict was against the weight of the evidence. He claims the judge abused his discretion and held a "stereotyped, partial, and unsupported view of the relationship between the two teenagers." Brief of Appellant, at 36. He also argues that M.R.'s testimony was wholly unreliable. We find the trial judge acted within his discretion in not ordering a new trial.

A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

- 4 -

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, the jury heard the testimony of the witnesses, including that of the victim, and viewed inculpatory Facebook messages between Baer and M.R., as well as Baer's statement to police. The jury concluded, beyond a reasonable doubt, that Baer committed the crimes of rape, deviate sexual intercourse and sexual assault. The trial court noted that there was sufficient reliable testimony to sustain the jury's verdict, and Baer does not raise a sufficiency challenge.[5] The trial court, which also observed the demeanor and testimony of the witnesses, "disagrees with [Baer's] characterization of M.R.'s testimony." Trial Court Opinion, 1/18/18, at 14. It is the jury's role as fact finder to weigh credibility and only if the result would "shock one's sense of justice" will a weight of the evidence claim be successful. *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013). The trial court found Baer failed to demonstrate how the verdict shocked one's sense of justice. Trial Court Opinion, 1/18/18, at 15. Based on our review of the record, we can discern no abuse of discretion on the part of the trial court. *Houser*, *supra*.

Judgment of sentence affirmed.

---

[5] A weight of the evidence claim concedes that sufficient evidence exists but only questions if that evidence should be believed. *See Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa. Super. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/11/19</u>